In the Matter of REPUBLIC LIGHT, HEAT & POWER CO., INC., Petitioner, against MILO R. MALTBIE et al., Constituting the Public Service Commission of the State of New York, et al., Respondents.

Third Department, January 7, 1948.

*Raichle & Tucker,* attorneys (*Frank G. Raichle* and *John Howell* of counsel), for petitioner.

*Philip Halpern,* counsel to Public Service Commission (*Samuel R. Madison* with him on the brief), for respondents.

HEFFERNAN, J. This proceeding was instituted by the petitioner to review an order of the Public Service Commission

prescribing certain journal entries to be made by petitioner upon its books and accounts to record the construction of the so-called Ensminger gas compressor station located in the town of Tonawanda, Erie County.

On November 29, 1939, upon petitioner's application, the Commission authorized it to issue to Carbide and Carbon Chemicals Corporation a note for $50,000 as evidence of cost advances by that company for the construction of the gas compressor station in order to enable the utility to render gas service, primarily to that corporation. The application was granted by the Commission on condition that upon the completion of the project petitioner would file with the Commission a detailed report of the cost thereof, which condition was accepted by petitioner.

The station was constructed in 1939 and 1940, and on March 5, 1941, petitioner submitted a report showing a completed cost of $71,971.22. There is included in these figures the sum of $64,538.07 representing the direct construction cost. In addition thereto, petitioner included the following items for overhead charges:

| | |
|---|---|
| Interest during construction................. | $830.36 |
| Engineering and supervision................ | 1,210.45 |
| Plant record department................... | 2,273.48 |
| General administration ................... | 3,118.86 |

The Commission held hearings as to the propriety of capitalizing the overhead items and charging them to the plant asset accounts. At the conclusion of the hearings the Commission approved all the items of the overhead charges with the exception of the sum of $3,118.86 for general administrative expense, which it disallowed. Whether this item should be capitalized or not is the only question in controversy. The Commission directed that the disputed item should be charged to surplus, which would have the effect of reinstating it as an operating expense.

The uniform system of accounts for gas corporations, classes A and B, was approved by the Commission on June 16, 1937, effective January 1, 1938. The Commission is expressly authorized to prescribe the system (Public Service Law, § 66, subd. 4) and its provisions have the force of law (*People ex rel. Bridge Operating Co.* v. *Public Service Commission,* 153 App. Div. 129, 137; *People ex rel. Kings County Lighting Co.* v. *Straus,* 178 App. Div. 840).

The uniform system contains general instructions which relate to the entire system and also specific instructions in regard to

particular accounts, such as the gas plant accounts in which the cost of the Ensminger station is to be recorded. However, the gas plant instructions are not complete in themselves but are subject to the general instructions governing the entire system. Instruction 11 of the general instructions in paragraphs A, B and C provides for the accounting distribution of the pay and expenses of employees.

Paragraph A unequivocally provides that charges to the gas plant accounts for the salaries and expenses of all employees must be based upon the actual time engaged in the work, or, if an actual time record is impracticable, upon the basis of a study of the time actually devoted to the work during a sample representative period. When an actual time record or study is lacking there is no basis for any charge to the gas plant accounts.

Paragraph B states that if the salaries and expenses comprising the general administrative expense cannot be charged elsewhere on the basis of a time record or study, they must remain in the general administrative expense account as an operating charge.

The instructions relating to gas plant accounts permit the capitalization of general administrative expense only to the extent that it is " applicable to construction work " (Instruction 5).

Paragraph B of the instruction 6 prohibits any capitalization in the gas plant accounts of " arbitrary percentages " of overhead costs which are " assumed " to be rendered in connection with the construction work.

The Public Service Law (§ 66, subd. 9) which confers jurisdiction on the Commission to determine the accounts in which particular outlays shall be entered, specifically places upon petitioner the burden of establishing the correctness of the accounts in which it proposes to record its expenditures.

In our opinion petitioner has failed to substantiate its contention that the claimed administrative expense of $3,118.86 was properly chargeable to the construction project. The charge is not based on time records currently maintained or upon a representative time study. The term administrative expense as used by petitioner includes salaries of general officers, other general office salaries, expenses of general officers and general office employees, general office supplies and expenses, special services, legal services, employees' welfare expenses and pensions and general rents.

Petitioner failed to present any evidence showing by estimate or otherwise, what portion of the time of its administrative officers or employees was spent in connection with the construction of the Ensminger station. There is no proof that petitioner was obliged to employ additional help to supervise this work. The general administrative expenses were not increased because the Ensminger project was undertaken. The salaries and expenses of petitioner's personnel were paid whether or not any construction was in progress in any given period. Neither is there any proof that the general administrative expenses were associated with the Ensminger project except the testimony that the officers of the company approved it and allocated funds for the work. Undoubtedly the same amount of expense would have been incurred had the project never been undertaken.

The order of the Commission should also be upheld as a matter of sound accounting. It is a fundamental proposition that no part of the amount spent for administrative expense should be charged to the capital asset accounts, unless additional administrative expense, such as the employment of extra personnel especially for the supervision of the construction project, is incurred because of the work itself. Obviously, when such additional expenses are incurred they are directly connected with the undertaking and may be capitalized as a part of the cost of construction. There is no proof in this record that petitioner obligated itself for any such additional expenses.

Petitioner asserts that our decision in *Matter of Village of Wellsville* v. *Maltbie* (257 App. Div. 746) is determinative of the question involved here and that consequently the order of the Commission should be annulled.

True it is that there are some expressions in the opinion in that case which give sanction to petitioner's arguments. In our opinion the *Wellsville* case is clearly distinguishable from this proceeding. Looking at what we actually decided in that case rather than at the language in the opinion, it is at once apparent that our determination in that controversy is strictly in accord with our adjudication here.

The *Wellsville* case involved construction projects carried on over a period of years antedating the effective date of the system of accounts. Here the work was done after the system came into effect. In the *Wellsville* case the Commission had refused to allow any construction overheads, even though there was proof of some overheads not previously capitalized, on the ground that they had been charged to operating expenses in

the past. In this proceeding the Commission has made substantial allowances for overheads. In the *Wellsville* case we annulled the Commission's order disallowing the overhead on the ground that there was no proof in the record to support the order under review. The only testimony before the Commission was that of the village's witnesses which was uncontradicted. In the *instant* case there is ample proof to sustain the Commission's order. In the *Wellsville* case we did not make a final determination allowing the overheads nor did we direct the Commission to do so. We merely remitted the matter for further consideration.

The order of the Commission should be confirmed, with $50 costs and disbursements.

FOSTER and RUSSELL, JJ., concur; HILL, P. J., and DEYO, J., dissent.

Order confirmed, with $50 costs and disbursements.